

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-75,913

### EX PARTE LESTER J. GUY, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 906044-A IN THE 248TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to thirty (30) years' imprisonment. The First Court of Appeals affirmed his conviction. *Guy v. State*, No. 01-02-01099-CR, (Tex. App. – Houston [First Dist.] 2004) (Not designated for publication).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to advise him that his conviction had been affirmed and that he had a right to file a *pro se*

petition for discretionary review.

On April 3, 2008, the trial judge conducted a habeas hearing concerning the merits of Applicant's claim. At the hearing, Applicant testified that he did not find out that his appeal had been affirmed and that he had a right to file a *pro se* petition for discretionary review until after the deadline to file a petition had passed. Applicant also testified that appellate counsel is deceased. The trial judge found that appellate counsel failed to advise Applicant that his appeal had been affirmed and that he had a right to file a *pro se* petition for discretionary review. The trial judge recommended that relief be granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

We find that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the First Court of Appeals in Cause No. 01-02-01099-CR that affirmed his conviction in Case No. 906044 from the 248th Judicial District Court of Harris County. Applicant shall file his petition for discretionary review with the First Court of Appeals within 30 days of the date on which this Court's mandate issues.

Delivered: May 7, 2008
Do not publish